UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-61123-CIV-ZLOCH

DAVID J. CANCIENNE,

    Plaintiff,

vs.

**DEFAULT FINAL JUDGMENT Re:
LIABILITY AS TO DEFENDANT DRAIN
MASTER OF SOUTH FLORIDA, INC.**

DRAIN MASTER OF SOUTH FLORIDA,
INC., MICHAEL MILLER, and
PETER GURECKIS,

    Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff David J. Cancienne's Motion For Default Final Judgment (DE 19).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    By prior Order (DE 17), the Court allowed counsel for Defendants to withdraw.  In said Order, the Court noted that Defendant Drain Master of South Florida, Inc. (hereinafter "Drain Master") cannot proceed <u>pro</u> <u>se</u> and allowed it until October 31, 2008, to retain representation and have a Notice of Appearance filed by the same.  Drain Master failed to obtain representation and have a Notice of Appearance filed by the same within the time prescribed.  The Court then entered a default (DE 18) against said Defendant and ordered Plaintiff to file the instant Motion For Default Final Judgment.

    The well-pleaded allegations made in Plaintiff's Complaint (DE

1) are deemed admitted by Drain Master by virtue of the default entered against it. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted). Thus, Drain Master admits the following by its default: it is covered by the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter "FLSA"), it employed Plaintiff, and it failed to comply with the FLSA for one or more workweeks by failing to pay either a minimum wage, overtime, or both. There is no allegation as to damages in the Complaint.

 The instant Motion briefly recounts the procedural history of this case and then boldly claims that Plaintiff is entitled to damages totaling over $26,000. DE 19, ¶ 10. In support of this claim for damages, Plaintiff cites only his own Statement Of Claim (DE 8). Said Statement Of Claim states as follows: "It is believed Plaintiff worked an estimated average of at least sixty (60) hours per week for Defendants for a regular rate of pay estimated at approximately $13.33 per hour for the relevant period of July 2005 through July 2008." DE 8, ¶ 2 (emphasis added). Plaintiff's Affidavit (DE 8, Ex. A) attached to the Statement Of Claim likewise approximates and estimates. See DE 8, Ex. A, ¶¶ 3-4. As stated above, Drain Master's default deems only the well-pleaded allegations admitted. Cotton, 402 F.3d at 1277-78. The instant Motion (DE 19), with its supporting Statement Of Claim (DE 8) and

2

Affidavit (DE 8, Ex. A), does not establish facts upon which judgment as to damages can be entered.  By apparently seeking to avoid limiting his recovery, Plaintiff has made abstruse the facts upon which judgment is to be entered.  See William Strunk, Jr. & E.B. White, The Elements of Style 71 (3d ed. 1979) ("Write with nouns and verbs, not with adjectives and adverbs.  The adjective hasn't been built that can pull a weak or inaccurate noun out of a tight place.").

Because Plaintiff has failed to establish his damages, the Court will enter Default Final Judgment Re: Liability as to Defendant Drain Master of South Florida, Inc.  The Court will take up the issue of Plaintiff's damages at a later stage in the litigation, after discovery is completed.  Then, Plaintiff will be able to establish his damages through the appropriate exhibits and testimony.  This action will otherwise proceed through the normal course of a law suit.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the Parties hereto and the subject matter herein;

2. Plaintiff David J. Cancienne's Motion For Default Final Judgment (DE 19) be and the same is hereby **GRANTED** as to liability only;

3

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment Re: Liability be and the same is hereby **ENTERED** in favor of Plaintiff David J. Cancienne and against Defendant Drain Master of South Florida, Inc.; and

4. Final Judgment Re: Damages as to Defendant Drain Master of South Florida, Inc. shall be entered by separate Order upon Motion of Plaintiff after discovery has taken place.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this __3rd__ day of December, 2008.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Michael Miller, pro se
1717 SW 1st Way, Ste. 20
Deerfield Beach, FL 33441

Peter Gureckis, pro se
1717 SW 1st Way, Ste. 20
Deerfield Beach, FL 33441